UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14456-CIV-CANNON

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,
v.

LUXURY MEDIA, LLC and
LUXURY TRAVEL MEDIA, LLC,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff Affordable Aerial Photography, Inc.'s Motion for Default Final Judgment Against Defendants Luxury Media, LLC and Luxury Travel Media, LLC (the "Motion") [ECF No. 27], filed on June 21, 2022. Plaintiff seeks entry of a permanent injunction as well as $67,500.00 in damages for copyright infringement arising from Defendants' unauthorized use of a single photograph owned by Plaintiff. Plaintiff arrives at that sizable damages figure by first stating that Plaintiff typically charges its clients a twelve-month licensing fee at a price of $1,500.00 per year, per photograph, which, based on the three years of alleged licensing fees at issue in this case, results in a total amount of $4,500.00 [ECF No. 27 pp. 10–11]. Plaintiff then argues that a scarcity multiplier of five should be applied to that base figure—bringing the actual damages figure to $22,500.00—based on Plaintiff's unique aerial balloon photography techniques [ECF No. 27 pp. 10–13]. Finally, Plaintiff argues that the Court should award treble damages for willful infringement under 17 U.S.C. § 504(c)(2), concluding that a total damages award of $67,500.00 is warranted.

Federal Rule of Civil Procedure 55 affords the Court discretion to take appropriate steps when considering a motion for default judgment in order to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Although the well-pled allegations in a complaint relating to liability are taken as true upon default, "those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); *accord Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing cases).

Here, the Motion in its current form does not provide an adequate basis for the Court to award the proposed damages figure. The Motion is accompanied by a declaration of Plaintiff's founder and principal photographer, Robert Stevens, who avers that "the typical range of fees I would charge for the type of non-exclusive commercial use involved in this lawsuit . . . is approximately $1,500 per year, per photograph" [ECF No. 27-1 ¶ 12]. Stevens's declaration further asserts that "[t]he Work is scarce not only due to its high quality but also the unique techniques applied," specifically noting techniques such as the following: use of a custom balloon to house a digital camera that can be controlled from the ground, monitoring the weather, scouting photography locations, obtaining authorizations to enter private property, and "advanced photo exposure control" [ECF No. 27-1 ¶ 10]. This evidence, which merely refers to Plaintiff's general business practices, is insufficient to establish that $22,500.00 over three years is the "fair market value" of a single use of the subject work. *See Leonard v. Stemtech Intl. Inc*, 834 F.3d 376, 390 (3d Cir. 2016) (stating that actual damages under 17 U.S.C. § 504(b) "are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer"); *see also Safari*

CASE NO. 21-14456-CIV-CANNON

*Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017) (holding that a "single affidavit from [the plaintiff's] CEO relying on a dubious extrapolation from limited sales data" was not sufficient for the district court to make a fully informed determination of damages).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment Against Defendants Luxury Media, LLC and Luxury Travel Media, LLC [ECF No. 27] is **DENIED WITHOUT PREJUDICE**.
2. Plaintiff may file a revised motion for default final judgment, but any such motion must contain particularized support in the form of affidavits, reports, or other documents to justify what currently appears to be an excessive calculation of damages by Plaintiff.
3. Following receipt of a revised motion for default final judgment, the Court will take the request under advisement and proceed accordingly under Rule 55(b)(2).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of July 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record